IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| In re: | : | Chapter 7 |
| | : | |
| MURTY S. VEPURI | : | Case No. 08-11730 |
| VARALAXMI VEPURI | : | |
| | | |
| NATIONAL FERTILIZERS, LTD. | : | |
| | : | |
| v. | : | Adversary No. 08-00156 |
| | : | |
| MURTY S. VEPURI | : | |
| VARALAXMI VEPURI | : | |

**MOTION TO DISMISS COUNT II OF THE ADVERSARY PROCEEDING
WITH PREJUDICE PURSUANT TO BANKRUPTCY RULE 7041(a)(2)**

AND NOW comes plaintiff, National Fertilizers, Ltd., by its counsel, and motions this Honorable Court dismiss Count II, entitled "Count II – Denial of Discharge Pursuant to 11 U.S.C. 727", for the following reasons:

1. Count II of the Adversary Proceeding asserts that "the Debtors have acted in a course of conduct with the intent to hinder, delay and defraud creditors as well as the Trustee by acting prior to the petition and continuing to act in a course of conduct to conceal and hide assets and property of the estate." *See* paragraph 20 of the Complaint, incorporated herein by reference.

2. Plaintiff has asserted that "the Debtors have acted in a course of conduct with the intent to hinder, delay and defraud creditors as well as the Trustee by acting prior to the petition and continuing to act in a course of conduct reduce

the value of the estate by falsifying secured debt to lessen the equity in the property of the estate."

3. After reasonable investigation by the plaintiff, by its counsel, including attendance at the 341 meeting of creditors, depositions taken of debtors, a review of the schedules and statements, and an independent determination of the value of the real property of debtors, plaintiff is not able to establish that the debtors have acted in such a course of conduct.

4. Plaintiff has further asserted that "the Debtors have concealed, misrepresented and intentionally falsified their books and records with regard to their financial position and with regard to the value of real property, at least, such to as to deny any discharge. *See* paragraph 22 of the Complaint.

5. After reasonable investigation, including attendance at the 341 meeting of creditors, depositions taken of debtors, a review of the schedules and statements, and an independent determination of the value of the real property of debtors, plaintiff, by its counsel, has determined that it does not have a sufficient basis for and is not able to establish that debtors have misrepresented and intentionally falsified their books and records.

6. Furthermore, after reasonable investigation, including a discussion with the trustee, Bonnie Finkel, Esquire, plaintiff, by its counsel, has cannot now establish that the value of debtors' real property has been misstated.

7. Plaintiff has further asserted that "Debtors have knowingly and intentionally made material false statements in their petition under oath as well as at the meeting of creditors".

8. For the reasons stated above, plaintiff, by its attorney, has no material information or data to the extent that debtors have intentionally made materially misstatements in their petition, schedules and statements.

9. For the reasons stated above, plaintiff, by its attorney, has no material information or data to establish that debtors have not accurately and completely disclosed assets, income, expenses, and secured debt in their petition.

10. The Undersigned, Plaintiff's attorney, represents that, in his professional judgment, after engaging in the investigations aforementioned, the allegations and conclusory clause of Count II of the Complaint are not supported by the facts determined vis-à-vis the investigative activities of plaintiff's counsel.

WHEREFORE, and for the reasons stated above, plaintiff Motions this Honorable Court to dismiss Count II of the Complaint, and proceed to trial as to Count I, only.

Respectfully submitted:

_____
Stuart A. Eisenberg, Esquire
McCullough & Eisenberg, P.C.
530 West Street Road
Warminster, PA 18974
(215) 957-6411